BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
PATRICK D. KIBBE (Cal. Bar No. Pending)
CHRISTOPHER R. JONES (Cal. Bar. No. 343374)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6482 / (213) 894-7383
     Facsimile: (213) 894-0141
     Email:    patrick.kibbe@usdoj.gov
               christopher.jones4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ALEXANDRIA DEMETRIUS AUGUSTINE,<br><br>　　　　Defendant. | No. 2:25-cr-678-KLS<br><br>GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE SELF-DEFENSE<br><br>Hearing Date: October 2, 2025<br>Hearing Time: 11:00 a.m.<br>Location:    Courtroom of the<br>             Hon. Karen L.<br>             Stevenson |
|---|---|

　　　Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Patrick D. Kibbe and Christopher R. Jones, hereby files its motion in limine to preclude defendant from raising a self-defense theory at trial.

///

///

This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 1, 2025				Respectfully submitted,

						BILAL A. ESSAYLI
						Acting United States Attorney

						JOSEPH T. MCNALLY
						Assistant United States Attorney
						Acting Chief, Criminal Division


						        /s/
						PATRICK D. KIBBE
						CHRISTOPHER R. JONES
						Assistant United States Attorneys

						Attorneys for Plaintiff
						UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant ALEXANDRIA DEMETRIUS AUGUSTINE ("defendant") threw the metal skeleton of an umbrella at Federal Protective Service ("FPS") Inspector A.G. and struck him, while Inspector A.G. was engaged in his official duties. For her conduct, she has been charged with violating 18 U.S.C. § 111(a)(1), assault on a federal officer or employee, as well as two class C misdemeanors. The government anticipates that defendant may raise an affirmative defense of self-defense to the § 111(a)(1) charge at trial.[1] She should be precluded from doing so.

For defendant to argue self-defense at trial, she is required to first make an offer of proof that: (1) she did not know the victim was a federal officer or employee; (2) her use of force was reasonably necessary to defend herself against the victim's (purported) immediate use of unlawful force; <u>and</u> (3) such force was no more force than reasonably necessary under the circumstances. <u>See</u> Ninth Circuit Model Jury Instruction No. 8.3 (2022 ed.). Alternatively, in a "narrow range of circumstances," a defendant may make an affirmative defense of self-defense against excessive force. To do so, defendant must have "(1) a reasonable belief that the use of force was necessary to defend [herself] against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." <u>United States v. Acosta-</u>

---

[1] Defense emailed government counsel and indicated they may seek the addition of a self-defense jury instruction. Depending on whether the Court allows it, the defense has included the Ninth Circuit Model Jury Instruction No. 8.3 (Self-Defense) in their Joint Proposed Jury Instructions.

Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012) (cleaned up); United States v. Urena, 659 F.3d 903, 907 (9th Cir. 2011).

To date, the government has not received an offer of proof as to how defendant can establish a prima face case of self-defense. Nor can defendant do so, given the facts as described below. Because defendant is unable to establish a prima facie case that the elements of self-defense against a federal officer are met, the Court should preclude her from raising that affirmative defense at trial.

**II.  STATEMENT OF FACTS**

Throughout July 24, 2025, protestors were gathered near the Roybal Federal Building and Courthouse, including the "apron" area of the loading dock on Alameda Street. FPS inspectors repeatedly warned protestors, including defendant, not to enter federal property. Despite this, protestors continued to trespass onto federal property, including to write graffiti on the ground.

At approximately 11:20 pm, a group of protestors came on to the apron. One of the protestors shone a high-intensity flashlight at FPS officers. FPS inspectors approached the group of protestors and ordered them to leave federal property. As the inspectors were attempting to move the protestors off federal property, defendant ran across the street and sidewalk onto federal property, as illustrated below.



**Gov't Ex. A – Roybal Surveillance Footage (Defendant circled in red)**

After running onto federal property, defendant opened an umbrella between the inspectors and the group of protestors. FPS Inspector A.G. approached defendant, and defendant pushed her umbrella toward him.



**Gov't Ex. B – Social Media Footage (Defendant pushing umbrella toward Inspector A.G.)**

3

Inspector A.G. grabbed the umbrella, tearing the fabric away.



**Gov't Ex. C – Social Media Video (Inspector A.G. grabbing umbrella fabric)**

Defendant then threw the remaining metal skeleton of the umbrella at Inspector A.G., striking him in his arm and chest.



**Gov't Ex. D – Social Media Video (Defendant throwing metal umbrella frame at Inspector A.G.)**

4



**Gov't Ex. E – Social Media Video (Inspector A.G. attempting to block the metal umbrella frame from hitting him)**

## III. ARGUMENT

### A. Defendant Must Proffer Prima Facie Evidence for Each Element of Self-Defense.

"If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial." United States v. Cramer, 532 F. App'x 789, 791 (9th Cir. 2013) (upholding order excluding self-defense theory at trial when defense proffer was insufficient to meet elements as matter of law); see also United States v. Biggs, 441 F.3d 1069, 1071 (9th Cir. 2006) (discussing requirement defendant proffer elements of self-defense before trial).

Defendant must put forth "evidence upon which the jury could rationally sustain the defense." United States v. Houston, 648 F.3d 806, 816 (9th Cir. 2011) (upholding preclusion of affirmative defense of duress based on insufficient proffer). Here, defendant cannot proffer prima facie evidence of any of the three required elements of

5

self-defense, let alone all of them as required by the model instruction.

The elements for self-defense set forth in the Model Ninth Circuit Jury Instructions, 8.3 Assault on Federal Officer or Employee—Defenses are: (1) the defendant did not know that the victim was a federal officer or employee; (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force; <u>and</u> (3) the defendant used no more force than appeared reasonably necessary in the circumstances. <u>See</u> Ninth Circuit Model Criminal Jury Instructions, No. 8.3 (2022 ed.).

<u>First</u>, defendant cannot establish she did not know Inspector A.G. was an FPS officer. Defendant was protesting immigration enforcement, Inspector A.G. was located on federal property at the Roybal Building, and there were many FPS agents at the scene, all in roughly the same fully marked, distinctive uniform as Inspector A.G. This is not a case of mistaken identity, and defendant cannot reasonably argue she was unaware of Inspector A.G.'s status.

<u>Second</u>, defendant cannot establish that she reasonably believed she needed to use force to "defend" herself -- Inspector A.G. did not attack defendant or threaten her "immediate" well-being. As explained above, defendant affirmatively ran across the street onto federal property and deliberately opened an umbrella between the inspectors and a group of protestors. Without any physical provocation, defendant pushed her umbrella towards Inspector A.G. After he tore the fabric off the umbrella, defendant threw the remaining metal skeleton of the umbrella at A.G. and struck him in the arm and chest. Defendant cannot reasonably argue that she thought she needed to defend herself against Inspector A.G.; if

6

defendant had simply not instigated the encounter by running across the street and throwing her umbrella at Inspector A.G., nothing would have happened to her.  See also United States v. Acosta-Sierra, 690 F.3d at 1126 (an objective standard, rather than a subjective one, applies to the requirement that there be a reasonable belief that self-defense was necessary).  Instead, defendant deliberately ran toward Inspector A.G., pushed her umbrella at him, and then threw the metal skeleton at him after he responded to her initial provocation.

Third and last, defendant cannot establish that she used no more force than what appeared reasonably necessary under the circumstances.  Again, after Inspector A.G. tore the fabric from her umbrella, she could have simply walked off federal property or not thrown the skeleton of her umbrella at him. Instead, she decided to retaliate.  Her actions were neither reasonable nor necessary under the circumstances.

**B.    Defendant Cannot Establish Prima Facie Evidence of the Elements of Self Defense from Excessive Force.**

An individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses *excessive* force in a "narrow range of circumstances."  Acosta-Sierra, 690 F.3d at 1126.  Only in those "narrow circumstances" a defendant need not establish she was ignorant the victim was a federal officer or employee.  See United States v. Ornelas, 906 F.3d 1138, 1148 (9th Cir. 2018).  Defendant must, however, still offer evidence to show "(1) a reasonable belief that the use of force was necessary to defend [herself] against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the

7

circumstances." Acosta-Sierra, 690 F.3d at 1126 (cleaned up); United States v. Urena, 659 F.3d 903, 907 (9th Cir. 2011).

To the extent defense is raising a self-defense-against-excessive-force theory, it also lacks prima facie evidence. As detailed above, there is nothing in the record to suggest Inspector A.G. used unlawful excessive force against defendant. See United States v. Span, 75 F.3d 1385-86, 90-91 (9th Cir. 1996) (finding ineffective assistance of counsel where defense attorney failed to raise excessive force defense after witnesses observed marshals engage in disproportionate force against defendant). Therefore, defendant cannot make a prima facie case that she was under a reasonable belief that the use of force was necessary to defend herself against the immediate use of unlawful force from Inspector A.G. Likewise, defendant cannot show that throwing the skeleton of her umbrella at Inspector A.G. was reasonably necessary, let alone reasonably necessary to defend against excessive force, let alone against force that she provoked.

## IV. CONCLUSION

In sum, the Ninth Circuit permits two forms of self-defense – (1) ignorance of the official status of the person assaulted (United States v. Feola, 420 U.S. 671, 686 (1975)), and (2) an excessive force defense (Span, 75 F.3d at 1389). Defendant cannot make out a prima facie case for either defense. The government respectfully requests that this Court preclude defendant from presenting this affirmative defense at trial.