BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
PATRICK D. KIBBE (Cal. Bar No. Pending)
CHRISTOPHER R. JONES (Cal. Bar. No. 343374)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6482 / (213) 894-7383
     Facsimile: (213) 894-0141
     Email:    patrick.kibbe@usdoj.gov
               christopher.jones4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-678-KLS |
|---|---|
| Plaintiff, | **GOVERNMENT'S PROPOSED VOIR DIRE** |
| v. | |
| ALEXANDRIA DEMETRIUS AUGUSTINE, | Trial Date: October 7, 2025<br>Trial Time: 9:00 a.m.<br>Location: Courtroom of the Hon. Karen L. Stevenson |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Patrick D. Kibbe and Christopher R. Jones, hereby requests the Court ask the attached proposed voir dire questions during jury selection.

///

///

The government respectfully requests leave to supplement its proposed voir dire questions, if necessary.

Dated: October 1, 2025          Respectfully submitted,

                                BILAL A. ESSAYLI
                                Acting United States Attorney

                                JOSEPH T. MCNALLY
                                Assistant United States Attorney
                                Acting Chief, Criminal Division


                                  /s/
                                PATRICK D. KIBBE
                                CHRISTOPHER R. JONES
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

**I.   CHARGED OFFENSE**

1. The defendant is charged with assaulting a federal officer, namely, by throwing an umbrella at him. Is there anything about the charges in this case that make you reluctant to serve as a juror?

2. Is there anyone who thinks that throwing an umbrella at someone cannot constitute an assault?

3. Is there anyone who believes that assault on a federal officer should not be a crime?

4. Have you or anyone close to you ever been a victim of an assault? Please provide details about what happened. (You may ask to approach the bench to answer this question if you prefer.)

5. Do you have any feelings about laws relating to assault that would affect your ability to be an impartial juror in this case?

**II.   EXPERIENCE WITH LAW ENFORCEMENT/GOVERNMENT**

6. Do you know any individuals employed by the United States Federal Protective Service – sometimes referred to as FPS –, the Department of Homeland Security, or any other law enforcement agency?

7. Do you have any strong feelings about the United States Federal Protective Service – sometimes referred to as FPS –, the Department of Homeland Security, or the federal government that would prevent you from fairly assessing the credibility of these witnesses?

8. Have you, or any of your close friends or relatives, had any recent or notable experiences, positive or negative, involving the police or any other member of law enforcement, including the United States Federal Protective Service – sometimes referred to as FPS –, the Department of Homeland Security, or the federal government?

   a. If so, please describe the circumstances.

|     |     |
| --- | --- |
| 1   |    b. Which law enforcement agency was involved? |
| 2   |    c. How did it make you feel? |
| 3   |    d. Do you believe that law enforcement acted professionally and fairly? |

   b. Which law enforcement agency was involved?

   c. How did it make you feel?

   d. Do you believe that law enforcement acted professionally and fairly?

   e. Would you be able to put those feelings and experiences aside, be they positive or negative, and render a verdict based on the evidence before you?

 9. Have you, a relative, or close friend ever been convicted of a crime?[1]

 10. Have you, a relative, or close friend ever been sentenced to or served time in jail or prison?

   a. If so, what were the circumstances?

 11. Have you, a relative, or close friend ever been arrested, even if the case never went to court?

   a. If so, what were the circumstances?

   b. How did the process make you feel?

   c. Would you be able to put those feelings aside, be they positive or negative, and render a verdict based on the evidence before you?

 12. Have you, a relative, or close friend ever filed a lawsuit or complaint concerning the conduct of a law enforcement officer?

 13. Have you, a relative, or close friend, ever been a victim of a crime?

   a. If so, were you satisfied or dissatisfied with law

---

[1] If any potential juror answers a question related to prior criminal activity or being the victim or knowing the victim of a crime in the affirmative, the government respectfully requests – unless the juror consents to public questioning – that the Court question the potential juror regarding the circumstances in private or at the bench, so as to avoid embarrassment to the potential juror.

4

enforcement's response and the judicial system?

    b.   Why or why not?

14. Some of the witnesses in this case may be law enforcement officers. Would any of you be more or less likely to believe the testimony of a law enforcement officer just because that witness was a law enforcement officer?

15. Do you have any feelings about the level of force a law enforcement officer may or should use while on duty?

    a.   If a law enforcement officer used force to accomplish their duties, would that impact your ability to judge their credibility, evaluate the evidence, or render a fair and impartial verdict in an assault on a law enforcement officer trial?

16. Do you have any feelings regarding the criminal justice system generally that might affect your ability to consider the evidence in this case fairly and impartially and to base your verdict only on the evidence presented in this case?

17. Do you know of any reasons why you would be biased or prejudiced for or against the Government or the defense in this case?

**III. EXPERIENCE WITH IMMIGRATION AND CURRENT EVENTS**

18. You will hear testimony regarding events that have occurred at recent protests focused on immigration enforcement in Los Angeles. Has anyone here read or seen any media coverage – be it traditional media or social media – about these protests?

    a.   If so, what have you seen?

    b.   How did seeing that make you feel?

    c.   Would you be able to render a fair and impartial verdict in favor of either the government or the defendant based on what you have seen or read?

5

   d. Would you be able to evaluate the evidence and judge a witness's credibility – including law enforcement agents on duty at the protests – to render a fair and impartial verdict?

 19. Do you have any opinion, whether positive or negative, about law enforcement's response to immigration policy in the United States and/or in Los Angeles?

   a. Would that opinion impact your ability to judge the credibility of government or defense witnesses, evaluate the evidence, follow the Court's instructions, and/or render a fair and impartial verdict?

 20. Has anyone been involved in an organization or participated in a protest – be it an active or passive participant – designed to protest how immigration enforcement has been handled by the federal and/or local governments?

   a. If so, please describe what protests you have participated in and your role in the protests.

   b. Was law enforcement present during the protest/s? If so, how did that make you feel?

   c. Did you witness any encounters – be it peaceful, violent, or in-between, between protestors and law enforcement? If so, how did that make you feel?

     i. Do you have any thoughts about how law enforcement acted during encounters with protestors that would impact your ability to listen to witnesses – including law enforcement witnesses – and evaluate the evidence in this case?

     ii. Do you have any thoughts about how law enforcement acted during encounters with protestors that would impact

your ability to render a fair and impartial verdict or follow the Court's instructions?

**IV.   ATTITUDE TOWARDS THE CRIMINAL JUSTICE SYSTEM AND INCARCERATION**

21.   The law requires that you base your verdict on the facts as you find them to be from the evidence. The law does not permit you to consider any emotion, such as sympathy, prejudice, vengeance, fear, or hostility. Will you be able to follow this instruction?

22.   The law requires that you do not consider punishment, prison time, or a possible sentence in your deliberations. Will you be able to follow this instruction?

23.   Do any of you have any strong feelings regarding law enforcement or the criminal justice system generally? If you responded "yes," please explain why. Would these feeling make it difficult for you to be a fair and impartial juror in this case?

**V.   ABILITY TO SIT AS JUROR**

24.   Is there anything about the charge in this case that makes you unwilling or reluctant to serve as a juror?

25.   Is there anything that has not been discussed today that you feel would affects your ability to sit as a fair and impartial juror in this case?

26.   Do any of you have any difficulty with hearing, seeing, understanding the English language or have any medical problems or other issues that could impair your ability to devote your full attention to this trial?

27.   Do you have any feelings or beliefs toward the law or the criminal justice system in general that would make it difficult or impossible for you to be fair and impartial to both sides in the case?

7

28. If you are selected as a juror in this case, you will be required to deliberate with eleven other jurors. Is there anything that leads you to believe that you might be unable or unwilling to engage in such discussions with others?

29. Would you refuse to follow the Court's instructions if you disagreed with those instructions or thought that other rules would be fairer?