CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E Mail: rebecca_abel@fd.org)
ADEN KAHSSAI (NV Bar No. 15581)
(E-Mail: aden_kahssai@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ALEXANDRIA AUGUSTINE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDRIA AUGUSTINE, <br><br> Defendant. | Case No. 2:25-cr-00678-KS <br><br> **DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE SELF-DEFENSE** <br><br> **Trial Date:** October 7, 2025 |

## I.  INTRODUCTION

"The prima facie burden [to raise a theory of self-defense] is not a high one." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998) (finding that a defendant is entitled to this instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility."). The evidence in this case more than exceeds this low threshold. Ms. Augustine can establish that she has a viable theory of self-defense because Officer Guiterrez engaged in an excessive use of force. *See* 9th Cir. Model Jury Instructions 5.10, 8.3.  The Court should therefore deny the government's motion, allow Ms. Augustine to present such a defense, and permit the jury to resolve this factually laden dispute.

## II.  LEGAL STANDARD

"[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988); *United States v. Chi Tong Kuok*, 671 F.3d 931, 947 (2012) ("Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law." (internal citation omitted)).  "The legal standard is generous [because] a defendant is entitled to an instruction concerning his theory of the case if the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility.  A defendant needs to show only that there is evidence upon which the jury could rationally sustain the defense." *United States v. Houston*, 648 F.3d 806, 816 (9th Cir. 2011) (quoting *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007)). "If there are factual disputes in the record, the court is not permitted to weigh the evidence, make credibility determinations, or resolve conflicts in the proof.  If the parties argue competing inferences, the court must draw *all* reasonable inferences in favor of the defendant's theory." *United States v. Perez-Rodriguez*, 13 F.4th 1, 19 (1st Cir. 2021) (internal quotation marks omitted); *United States v. Butler*, 2025 WL 621892, at *9

(N.D. Cal. Feb. 26, 2025) ("In making this determination about the adequacy of the *prima facie* case [for self-defense], the evidence is 'construed in the light most favorable' to the defendant." (quoting *United States v. Ehmer*, 87 F.4th 1073, 1130 (9th Cir. 2023))). Thus, when a court considers the sufficiency of self-defense, it "must accept [the defendant's] proffer as true in its entirety." *Kuok*, 671 F.3d at 947.

"[F]or purposes of Section 111, . . . [an] individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances." *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012); *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992) ("[T]he model instruction [8.3] would be inappropriate in a case where a defendant's theory of the case is self-defense against the use of *excessive* force by a federal law enforcement officer.").[1] To offer an excessive force self-defense, a defendant need only offer some—even weak, inconsistent, or insufficient—evidence to show: "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *Acosta-Sierra*, 690 F.3d at 1126 (internal quotation omitted); *United States v. Burleson*, No. 17-10319, 2023 WL 5275176, at *4 (9th Cir. Aug. 16, 2023) (repeating the standard); *Span*, 970 F.2d 580 (noting that an individual has a right to offer reasonable resistance to arrest that is triggered by the officer's bad faith or provocative conduct). The defendant does **not** need to demonstrate that the force was excessive as a matter of law. Unlike in the civil context, whether the force was unlawful is judged from the perspective of the defendant, **not** from the perspective of an officer. *United States v. Celentano*, 126 F.4th 680, 687 (D.C. Cir. 2025) ("[T]he instruction given to the jury on the defense of another improperly required the jury to consider the use of force from a reasonable officer's

---

[1] The government incorrectly states that "…defense has included the Ninth Circuit Model Jury Instruction No. 8.3 (Self-Defense) in their Joint Proposed Jury Instructions." Dkt. 37 at footnote 1. The defense is seeking an instruction on the Ninth Circuit Model Jury Instruction No. 5.10 (Self-Defense) (2022 ed.)

1 perspective, rather than from Celentano's perspective.") For a pretrial offer of proof, there need only be some evidence from which a jury could "find that the defendant actually and reasonably believed the officer was using excessive force." *United States v. Celentano*, 126 F.4th 680, 687 (D.C. Cir. 2025) (citing and relying on *Acosta-Sierra*, 690 F.3d at 1126). The only limitation is that "an individual who is the attacker cannot make out a claim of self-defense as a justification for an assault." *Acosta-Sierra*, 690 F.3d at 1126.

For the reasons stated below, Ms. Augustine has put forth some evidence from which a jury could conclude that she actually and reasonably believed Officer Gutierrez used excessive force on her, and she reasonably responded by using no more force than necessary.

### III. ARGUMENT

The anticipated evidence at trial meets the low threshold required for Ms. Augustine to present a self-defense defense. The Court should not preclude this defense at trial, and the jury should be instructed accordingly. Failing to instruct on self-defense when there is any evidence to support it is reversible error. *United States v. Pierre*, 254 F.3d 872, 876 (9th Cir. 2001).

**A. Ms. Augustine has provided sufficient evidence from which a jury Officer Guiterrez used excessive force.**

To bring a theory of self-defense against a charge of assault of a federal employee, Ms. Augustine can establish that Officer Guiterrez used excessive force against her.

As the government's own evidence shows, Officer Gutierrez was the initial aggressor. (Exs. A, B.) He approached Ms. Augustine, who the government admits was protecting protestors from the oncoming at least six officers. (Id.) He was shining a flashlight in her eyes. (Id.) She was holding an open umbrella in her hands. (Id.) With his flashlight in his right hand, Officer Gutierrez grabs the umbrella with his left hand. (Ex. A.) Ms. Augustine does not immediately release the umbrella, so Officer

3

Gutierrez pulls it again. (Ex. B.) This second time, Officer Gutierrez used enough force to rip the fabric off of the umbrella and brake off spindles from the remaining stem. (Exs. A, C.)

In the position of Ms. Augustine, she was protecting her fellow protestors when Officer Gutierrez approached and for no apparent reason, grabbed her umbrella out of her hands, pulling it hard enough to brake it. Ms. Augustine was not the aggressor, nor did she take any action against him, let alone any act that would warrant Officer Gutierrez' physical contact. This evidence is sufficient for a jury to rationally conclude that the government cannot prove beyond a reasonable doubt that Ms. Augustine "actually and reasonably believed [Officer Gutierrez] was using excessive force." *Celentano*, 126 F.4th at 687.

**B.     There is sufficient evidence to establish that Ms. Augustine believed that she needed to defend herself against Officer Guiterrez's use of unlawful force.**

Ms. Augustine needs to establish only that a reasonable jury *could* find that he had a "reasonable belief that the use of force was necessary to defend [herself] against the immediate use of unlawful force." *See* 9th Cir. Model Instructions Nos. 5.10; *Acosta-Sierra*, 690 F.3d at 1126. In assessing reasonableness of a defendant's belief, it "is not assessed in the abstract. Rather, any assessment of the reasonableness of a defendant's actions must take into account the defendant's particular circumstances, at least to a certain extent." *United States v. Lopez*, 913 F.3d 807, 819-20 (9th Cir. 2019) (internal quotation omitted).

As set forth above, Officer Guiterrez met Ms. Augustine with unlawful force during a protest. She was unarmed. She did not make threats. Yet, when she joined her fellow protestors in an attempt to protect them from the oncoming officers, a visibly agitated Officer Guiterrez advanced on her, moving aggressively with a flashlight, and took hold of an umbrella she used to block his flashlight and ripped her umbrella apart. At that moment, Ms. Augustine had no guarantee that Guiterrez's force would remain

4

limited; to the contrary, he continued to approach her along with at least 6 other officers. Ms. Augustine, while continuing to back up, tried to pull the handle back and faced with more force, released what was left of the umbrella. In releasing the umbrella, she was creating distance between herself and Officer Guiterrez, to defend herself against an immediate and unlawful use of excessive force. Given his demeanor—hostile approach, aggressive posture, and physicality against her in ripping the umbrella—it was entirely reasonable for her to believe she was about to be subjected to harm.

At most, the government's version of events (*See* Trial Brief at 1), along with the defense's theory of self-defense, creates a factual dispute that the jury, not the Court, must resolve. *See Chi Tong Kuok*, 671 F.3d at 947 ("Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law."). Because the threshold is so low for a theory of self-defense, because all inferences must be drawn in her favor, and because additional evidence is likely to develop at trial, Ms. Augustine has made a sufficient showing that the government cannot prove beyond a reasonable doubt that Ms. Augustine reasonably believed her use of force was necessary to defend herself against Officer Gutierrez' continued force.

**C.   Ms. Augustine did not use more force than necessary.**

Evidence in this case supports that Ms. Augustine did not use more force than necessary, and Ms. Augustine can meet her burden on this final prong for a theory of self-defense. *See* 9th Cir. Model Instructions Nos. 5.10.

There is no injury in this case. Officer Guiterrez admits that he suffered none. Notably, Ms. Augustine did not strike Officer Guiterrez, advance on him, or escalate the situation. In fact, in Officer Gutierrez' own report he admits the umbrella struck him only when he held out his arm to block it. (Dkt. No. 44, Ex. A at 3.) She sought only to protect herself from the aggressive ripping of her umbrella. The force used was necessary given the circumstances. Even based on the government's version of events,

5

Ms. Augustine used the umbrella as a shield. That was the full extent of her "force," and its hard to imagine what less she could have done in these circumstances.

For these reasons, Ms. Augustine has made a prima facie showing that the government cannot prove beyond a reasonable doubt that she used more force than was necessary, and the Court should not exclude a self-defense defense.

### D. Nothing requires Ms. Augustine to make an offer of proof to the government and the government's response to Ms. Augustine's proffered evidence is irrelevant to the Court's analysis.

As a final point, Ms. Augustine is required to make an offer of proof for self-defense to the Court, not the government, and any response the government may have to the facts alleged in Ms. Augustine's offer of proof is not relevant. *See United States v. Perez-Rodriguez*, 13 F.4th 1, 19 (1st Cir. 2021) ("If the parties argue competing inferences, the court must draw *all* reasonable inferences in favor of the defendant's [defense] theory." (emphasis added)); *Kuok*, 671 F.3d at 947 ("[A court] must accept [the defendant's] proffer as true in its entirety."); *Butler*, 2025 WL 621892, at *9 (holding a defendant met his low burden to establish a prima facie case for self-defense and explaining that, for a "*prima facie* case [of self-defense], the evidence is 'construed in the light most favorable' to the defendant" (quoting *Ehmer*, 87 F.4th at 1130))). That is because the Court must draw *every* reasonable inference in favor of Ms. Augustine. *Id.*

As discussed above, this "legal standard is generous [because] a defendant is entitled to an instruction concerning [her] theory of the case if the theory is legally sound and evidence in the case makes it applicable." *Houston*, 648 F.3d at 816. This applies "even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility." *Id.* ("A defendant needs to show only [the court] that there is evidence upon which the jury could rationally sustain the defense.").

6

Accordingly, this Court should conclude that Ms. Augustine has met her low burden to establish a prima facie case for self-defense, and leave the government's arguments in opposition to the jury.

## IV.   CONCLUSION

Ms. Augustine acted in self-defense on July 24, 2025. The evidence at trial will support this defense and Ms. Augustine has made a prima facie showing of the elements of self-defense. The Court should deny the Government's Motion *In Limine* and permit Ms. Augustine to raise a theory of self-defense at trial, and the jury should be instructed accordingly.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 2, 2025         By  */s/ Rebecca Abel*
                                                  Rebecca Abel
                                                  Aden Kahssai
                                                  Deputy Federal Public Defenders