BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
PATRICK D. KIBBE (Cal. Bar No. Pending)
CHRISTOPHER R. JONES (Cal. Bar. No. 343374)
Assistant United States Attorneys
General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone:     (213) 894-6482 / (213) 894-7383
Facsimile:     (213) 894-0141
Email:    patrick.kibbe@usdoj.gov
          christopher.jones4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ALEXANDRIA DEMETRIUS AUGUSTINE,<br><br>　　　　Defendant. | No. 2:25-cr-00678-KS<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS<br><br>Trial Date:　October 7, 2025<br>Trial Time:　9:00 am<br>Location:　　Courtroom of the<br>　　　　　　　Hon. Karen L.<br>　　　　　　　Stevenson |
|---|---|

　　　Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Patrick D. Kibbe and Christopher R. Jones, hereby files its opposition to defendant's Motion to Dismiss Counts 2 and 3.  (Dkt. 32 ("MTD")).

　　　The Court should deny defendant's Motion.  Counts 2 and 3 are not multiplicitous because they have different elements, as detailed below.  Further, while the government does not believe that Count 3 is duplicitious, it nevertheless clarifies that it will proceed on a

failure to follow lawful direction theory, not a signage theory, which should resolve the dispute.  Consistent with the position of many other courts, defendant's as applied vagueness challenge should be rejected because she should have been on notice that her conduct -- running onto federal property to prevent an officer from removing protestors and then throwing the metal skeleton of an umbrella at him -- could be considered criminal.  Finally, defendant's non-delegation challenge fails because, as many courts have held, the authorizing statute for the regulations in Counts Two and Three provides an intelligent principle that contains executive discretion.  The defendant's Motion should be denied.

**I.   COUNTS TWO AND THREE OF THE FIRST SUPERSEDING INFORMATION ARE NOT MULTIPLICITOUS**

Counts Two and Three of the First Superseding Information are not multiplicitous because they are different crimes that have different elements (and which are predicated on different conduct).

"An indictment is multiplicitous if it charges a single offense in multiple counts." United States v. Wahchumwah, 710 F.3d 862, 868 (9th Cir. 2013).  The parties appear to agree that the answer to this inquiry is governed by the test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932).  See MTD at 2.  "Under that test, 'where the same act or transaction constitutes a violation of two distinct statutory provisions,' we ask 'whether each provision requires proof of a fact which the other does not.' 'If two different criminal statutory provisions ... punish the same offense or one is a lesser included offense of the other, then conviction under both is presumed to violate congressional intent.' '[T]he Court's application

2

of the test focuses on the statutory elements of the offense.  If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.'" Wahchumwah, 710 F.3d at 868–69 (citations omitted).

Here, Counts Two and Three have different elements and thus satisfy the Blockburger test.  Count Two charges defendant with violating 41 C.F.R. § 102-74.390(c), which, as relevant here, prohibits "persons entering in or on Federal property" from "exhibiting other conduct on property that . . . [o]therwise impedes or disrupts the performance of official duties by Government employees."  The elements of Count Two are: (1) the conduct occurred on government property under the authority of General Services Administration; (2) the regulation proscribing the conduct was posted in a conspicuous place on the property; (3) Defendant acted knowingly and willfully; (4) the FPS officers affected were government employees; and (5) Defendant's conduct impeded or disrupted FPS officers in the performance of their official duties. 41 C.F.R. § 102-74.390(c); United States v. Brice, 926 F.2d 925, 928 (9th Cir. 1991).

Count Three charges defendant with violating 41 C.F.R. § 102-74.385, which makes it unlawful for persons in and on federal property to fail to "comply with official signs of a prohibitory, regulatory or directory nature and with the lawful direction of Federal police officers and other authorized individuals."  "To prove a violation of § 102-74.385, the Government must show '(a) that the incident occurred on federal property; (b) that the defendant failed

to comply with either (i) an official sign of a prohibitory, regulatory, or directory nature; or (ii) the lawful direction of federal police officers and other authorized individuals; and (c) that the defendant acted unlawfully, willfully, and knowingly.'" United States v. Kittel, No. 6:19-CR-00240-MK, 2021 WL 3823185, at *7 (D. Or. Aug. 26, 2021) (citing 41 C.F.R. § 102-74.385).[1]

Counts Two and Three have different elements that "requires proof of a fact that the other does not." Wahchumwah, 710 F.3d at 869. To prove Count Two, the government must prove, among other things, that the defendant's "conduct impeded or disrupted" FPS officers in the performance of their official duties. This element focuses on affirmative conduct by the defendant to impede or disrupt an officer. As discussed in the government's trial brief and during the hearing that the Court held on October 2, 2025, Count Two is based on on defendant running across the street and opening her umbrella between the FPS officers and a group of protestors while officers were trying to remove the protestors from federal property. (Dkt. 42 at 7 ("Trial Br.")). This action -- using an umbrella to impede law enforcement -- does not depend upon any sort of instruction or directive from law enforcement, and is not required to prove Count Three.

By contrast, to prove Count Three, the government must prove, as relevant here (see n.1), that defendant failed to comply with the lawful direction of federal police officers or authorized individuals. As explained in the government's trial brief and at the hearing held on October 2, 2025, Count Three is based on repeated

---

[1] As discussed below, the government will proceed on the lawful direction theory but not the posted singage theory.

warnings from law enforcement officers that defendant was not permitted to be on federal property. (Trial Br. at 11.) Failure to abide by these commands is a separate inquiry from whether defendant impeded or disrupted law enforcement, and is not required to prove Count Two. For example, just because an officer warns someone to exit federal property, it does not follow that the person impeded or disrupted law enforcement. To take another example, one could also impede or disrupt law enforcement in the absence of a warning from law enforcement (e.g., by standing in front of a moving government vehicle with no instruction not to do so) and be charged with violating Count Two but not Count Three.

Case law supports the government's position. In United States v. Cruscial, No. 3:18-CR-00465-JR, 2019 WL 1087150, at *1 (D. Or. Mar. 7, 2019), defendant argued that it was multiplicitous for the government to charge failing to comply with lawful direction in violation of 41 C.F.R. § 102-74.385, as charged here, and a statute (41 C.F.R. § 102-74.390(b)) prohibiting unreasonably obstructing the usual use of entrances. The district court rejected defendant's argument, finding that the counts were not multiplicitous because Section 102-74.385 (i.e., Count Three here) "clearly requires proof of an element" that the other statute at issue in that case and Count Two do not: "there must be a lawful verbal direction that was not obeyed." (Id. at 6.) The same is true here.

Notably, Cruscial also explained why United States v. Mumford, No. 3:17-CR-0008-JCC, 2017 WL 652449 (D. Or. Feb. 16, 2017), the opinion relied on by defendant (MTD at 4-5), is distinguishable. For one, Mumford "did not engage in the required Blockburger analysis in

5

making its finding." <u>Cruscial</u>, 2019 WL 1087150, at *6.  As <u>Cruscial</u> explains, "[i]n <u>Mumford</u>, the defendant was charged with three counts: (1) disorderly conduct in violation 41 C.F.R. § 102-74.390(c) ('Count 1'); (2) failing to comply with signs prohibiting conduct that impedes or disrupts the performance of official duties by government employees in violation of 41 C.F.R. § 102-74.385 ('Count 2'); and (3) failing to comply with lawful direction in violation of 41 C.F.R. § 102-74.385 ('Count 3')." 2019 WL 1087150, at *5. Without conducting a <u>Blockburger</u> analysis, <u>Mumford</u> found that Count 1 and Count 2 were multiplicitous.  <u>Cruscial</u>, 2019 WL 1087150, at *5.  Critically, however, the defendant in that case ***did not*** assert -- as defendant does here -- that failure to comply with a lawful direction (i.e., Count Three here) is multiplicitous of impeding or disrupting official duties (i.e., Count Two here).

**II.   COUNT THREE IS NOT DUPLICITIOUS, BUT THE GOVERNMENT WILL PROCEED ON A FAILURE TO FOLLOW LAWFUL DIRECTION THEORY, RENDERING DEFENDANT'S DUPLICITIOUS ARGUMENT MOOT**

Count Three is not duplicitous.  "An indictment is considered duplicitous if a single count combines two or more different offenses."  <u>United States v. Renteria</u>, 557 F.3d 1003, 1007-08 (9th Cir. 2009).  But, critically, "[w]hen a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt." <u>Id.</u> at 1108 (citing <u>United States v. Urrutia</u>, 897 F.2d 430, 432 (9th Cir. 1990)).  Here, Count Three charges a violation of a single regulation, so it is not duplicitous. (MTD, Ex. A, at 4.)

That said, in order to streamline the issues for trial, the government clarifies that it will be proceeding on a failure to comply with lawful direction theory in Count Three. Thus, it will not seek to prove a violation of 41 C.F.R. § 102-74.385 on account of failure to comply with official signage, rendering the issue moot.

**III. COUNT TWO IS NOT VAGUE AS APPLIED TO DEFENDANT'S CONDUCT**

Defendant argues that Count Two is vague as applied because she merely "trespassed onto federal property for less than 5 seconds in a driveway behind the Roybal building." (MTD at 7.) But defendant is not charged in Count Two for merely "cross[ing] onto the driveway behind the Roybal building momentarily to access MDC, the courthouse, or to get to Union Station." (Id.)

As explained in the government's trial brief and at the hearing on October 2, 2025, defendant's conduct was substantially more provactive that her brief suggests. At approximately 11:20 p.m., upon seeing law enforcement approach other protestors who were on federal property, defendant ran across the street with an umbrella, opened the umbrella between herself and an FPS officer and then -- after the officer tore the fabric off of the umbrella -- threw the metal skeleton of the umbrella at the officer. (Trial Br. at 1-2.) The regulation in Count Two is easily specific enough to provide defendant notice there her conduct was criminal. Indeed, her conduct is worlds away from some of the hypotheticals raised in the brief, such as continuing a conversation with a government worker about skiing being considered impeding or disrupting official duties. (MTD at 7.) Any person of "ordinary intelligence" would know that throwing an umbrella at an FPS officer while they're approaching

7

other protestors on federal property should constitute criminal conduct.

Courts routinely reject vagueness challenges to the regulation charged in Count Two.  See, e.g., Moriello, 980 F.3d at 931-32; United States Staples United States v. Gerhard, No. 24-PO-11-SM-1, 2025 WL 1358545, at *7 (D.N.H. May 9, 2025); Cruscial, 2019 WL 1087150, at *4; Mumford, 2017 WL 652449, at *4.  The Court should do so here as well.

**IV. THE REGULATIONS CHARGED IN COUNTS TWO AND THREE DO NOT VIOLATE THE NON-DELEGATION DOCTRINE**

Defendant argues that the authorizing statute for the regulations at issue in Counts Two and Three violates the non-delegation doctrine.  It does not.

40 U.S.C. § 1315(c) authorizes the Secretary of the Department of Homeland Security to establish regulations with criminal penalties relating to the protection of federal property.  Courts have routinely rejected non-delegation challenges to this provision because they have found that the statute provides an intelligible principle that constrains executive discretion.  See, e.g., United States v. Moriello, 980 F.3d 924, 932-33 (4th Cir. 2020) (finding the statute "is clearly a permissible delegation by Congress in light of our precedent"); United States v. West, No. 3:25-CR-00118-IM-1, 2025 WL 2416975, at *6-8 (D. Or. Aug. 21, 2025) (conducting a thorough analysis and concluding that the statute "includes an intelligible principle that meaningfully constrains executive discretion"); Kittel, 2021 WL 3823185, at *5 (agreeing with other courts in this district the statute does not violate the non-delegation doctrine);

Cruscial, 2019 WL 1087150, at *2-3 (joining "myriad other courts in resolving that 40 U.S.C. § 1315(c) constitutes an appropriate delegation of power"). Defendant does not seem to seriously contest this point, citing no opinions that have upheld a nondelegation challenge to this statute and "preserv[ing] the issue for appeal." (MTD at 8.) The Court should reject this perfunctory argument.

**V.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's Motion to Dismiss Counts 2 and 3.

Dated: October 2, 2025                Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

        /s/
PATRICK D. KIBBE
CHRISTOPHER R. JONES
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

9