BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
PATRICK D. KIBBE (Cal. Bar No. Pending)
CHRISTOPHER R. JONES (Cal. Bar. No. 343374)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6482 / (213) 894-7383
     Facsimile: (213) 894-0141
     Email:    patrick.kibbe@usdoj.gov
               christopher.jones4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-678-KLS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO COMPEL GRAND JURY TRANSCRIPTS AND GOVERNMENT WITNESSES' PERSONNEL FILES (Dkt. 33) |
| v. | |
| ALEXANDRIA DEMETRIUS AUGUSTINE, | |
| Defendant. | Trial Date: October 7, 2025<br>Trial Time: 9:00 a.m.<br>Location:  Courtroom of the Honorable Karen L. Stevenson |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Patrick D. Kibbe and Christopher R. Jones, hereby files its opposition to defendant's motion in limine to compel grand jury information and transcripts and witnesses' personnel files.  (Dkt. 33.)

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 2, 2025                Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division


              /s/
PATRICK D. KIBBE
CHRISTOPHER R. JONES
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Alexandria Demetrius Augustine ("defendant") is on a fishing expedition.  Defendant is charged by information with misdemeanor assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1) and CVB violations.  Notwithstanding the fact that defendant was charged via information with misdemeanors, and therefore the case was not even required to be presented to a grand jury, defendant seeks secret grand jury material based on nothing more than bald speculation.  Defendant's claim is based on speculation that her case was presented to the grand jury, speculation that an indictment was not returned, and speculation even further that whatever occurred in secret grand jury proceedings falls under the narrow exceptions to grand jury secrecy or is Brady material and must be produced.  Likewise, Defendant speculates that there is Henthorn material in in the personnel files of Government witnesses and asks the Court to conduct an in camera review.  Finally, defendant has recently submitted an in camera filing before this Court.  Defendant has refused to provide the government any information as to the nature or substance of the in camera document.  Because of this, and based on the assumption that it is related to the issue at hand, the government objects to the recent in camera filing.

Defendant's desire to engage is no reason to violate the requirements of grand jury secrecy.  As to grand jury transcripts, Rule 6(e)(2)(B) of the Federal Rules of Criminal Procedure prohibits the disclosure of any information that would reveal "matters occurring before the grand jury."  This prohibition is broad. Courts

construing Rule 6(e), including the Ninth Circuit, have stated that it extends to "anything which may reveal what occurred before the grand jury," or "information which would reveal the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like." Standley v. Department of Justice, 835 F.2d 216, 218 (9th Cir. 1987) (cleaned up).  The exceptions to this rule of secrecy are narrow and defendant has failed to meet the high burden to pierce grand jury secrecy.

As to personnel files, Defendant speculates that there may be responsive information in the personnel files of Government employees and based entirely on that speculation moves to compel the production of the personnel files to the Court for in camera review.  The Government has complied with and will continue to comply with its discovery obligations under Rule 16, Brady, Giglio, Henthorn, and their progeny.

Likewise, defendant's in camera filing – of which the government has no information regarding its substance – should be denied.  The government has a right to know the contents of defendant's filing and is entitled to respond to any arguments raised, including if they touch on the issues covered by this opposition.  To the extent defendant is using the in camera request as a discovery device to obtain personnel materials, she seeks to misuse Rule 17(c).  Allowing defendant to seek discovery via an in camera, ex parte application would permit her to circumvent the rules of discovery outlined in Rule 16 and potentially obtain materials that may otherwise be shielded from disclosure.  Unlike Rule 16 addressing pretrial discovery, Rule 17(c) is meant to expedite the trial (by providing a

2

time and place before trial for the inspection by <u>both parties</u> of evidence to be <u>admitted</u> at trial). In order to justify a subpoena, defendant must show that the items are not available from any other source, such as through a discovery request to the government. The government has produced discovery in this case. With trial in this case set for next Tuesday, the <u>in camera</u> request is unlikely to be for the purpose of expediting trial or for seeking evidence unobtainable from other sources. Rather, the <u>in camera</u> request is more likely a fishing expedition in violation of the Federal Rules of Criminal Procedure.[1]

Accordingly, defendant's instant <u>in camera</u> request should be denied and the materials should be made public, so that the matter can be fully and fairly litigated on the merits. In the alternative, the Court should reject the in camera filing and return it to defendant without consideration, <u>see</u> <u>United States v. Torres</u>, Case 2:19-CR-490-CAS at Dkt. 188, 190 (C.D. Cal. June 11, 2021) (denying defendant's in camera filing), or allow an Assistant United States Attorney who is not affiliated with the prosecution of this matter -- and who would remained walled off from the trial team -- to participate in litigation of the <u>in camera</u> request.

Defendant's motion related to grand jury transcripts and personnel records should also be denied.

---

[1] If defendant's <u>in camera</u> request is for a Rule 17 subpoena, and the Court grants defendant relief pursuant to Rule 17, then the Court should permit the government to inspect the subpoena and any items produced in response to any subpoena as contemplated by the text of Rule 17. Fed. R. Crim. P. 17 ("The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.").

3

**II.  ARGUMENT**

    **A.  The Court Should Deny Defendant's Motion to Compel Grand Jury Transcripts**

        1.  <u>Legal Standard</u>

The "proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S. 211, 218 (1979) (noting that the "Supreme Court has consistently recognized" this premise). Indeed, "[s]ince the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye. The rule of grand jury secrecy . . . is an integral part of our criminal justice system." <u>Id.</u> at 218 n.9. The Supreme Court has consistently recognized that this indispensable secrecy of grand jury proceedings "must not be broken except where there is a compelling necessity." <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 682 (1958). The grand jury is a public institution which serves the community, thus its secrecy is necessary to uphold, for this institution "might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." <u>Id.</u>

This fundamental presumption of grand jury secrecy is now embodied in Rule 6(e) of the Federal Rules of Criminal Procedure. A court may permit disclosure of grand jury materials to defendant in two narrow situations, under Rule 6(e)(3)(E)(i), when "preliminarily to or in connection with a judicial proceeding, or Rule 6(e)(3)(E)(ii), when a defendant "shows that a ground may exist to dismiss an indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i), (ii). Defendant does not have any ground to dismiss an indictment; indeed, there is not

4

even an indictment in this case. Therefore, the only exception to the strong presumption of grand jury secrecy is the exception in Rule 6(e)(3)(E)(i).

A court may permit the disclosure of grand jury materials to a party under Rule 6(e)(3)(E)(i) only when the requesting party has demonstrated a "particularized need" or "compelling necessity" for disclosure which outweighs the policy of grand jury secrecy. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218-22 (1979). The particularized need standard is sufficiently met when the parties show "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co., 441 U.S. at 222.

Importantly, "[m]ere 'unsubstantiated, speculative assertions of improprieties in the proceedings'" or other matters "do not supply the 'particular need' required to outweigh the policy of grand jury secrecy." United States v. Ferreboeuf, 632 F.2d 832, 835-36 (9th Cir. 1980) (quoting United States v. Rubin, 559 F.2d 975, 988 (5th Cir. 1977), vacated on other grounds, 439 U.S. 810 (1978)); see also Costello v. United States, 350 U.S. 359, 363-64 (1956). Grand jury testimony is not to be "released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir. 2001) (internal quotes and citation omitted).

Further, the "proper functioning of our grand jury system depends on the secrecy of grand jury proceedings." Douglas Oil Co., 441 U.S. at 218 (citations omitted). Courts in using their

discretion to grant or deny such a motion to compel must consider the "possible effects upon the functioning of future grand juries," as well as the immediate effect on the particular grand jury at issue. Id. (acknowledging that "persons called upon to testify will consider the likelihood that their testimony may be disclosed to outside parties" and that "fear of future retribution or social stigma may act as powerful deterrents to those who come forward and aid the grand jury in the performance of its duties").

### 2. Defendant Impermissibly Attempts to Use *Brady* to Engage in a Fishing Expedition

Defendant first attempts to compel discovery of grand jury material by baselessly invoking Brady v. Maryland, 373 U.S. 83 (1963) and speculating that grand jury information might contain Brady information. This is pure speculation and it does not trump grand jury secrecy.

Brady does not create an absolute right of access to grand jury testimony or information. See United States v. Natale, 526 F.2d 1160, 1170 (2d Cir. 1975) (Brady does not require that the government disclose grand jury testimony of all witnesses); Gollaher v. United States, 419 F.2d 520, 527 (9th Cir. 1969) (Brady does not support the theory that the government must disclose grand jury testimony of those it does not call as witnesses because those individuals may have given testimony beneficial to defendant). "The heart of the holding in Brady is the prosecution's suppression of evidence favorable to the accused. Moore v. Illinois, 408 U.S. 786, 794 (1972) (emphasis added). The concept of 'suppression' implies that the government has information in its possession of which the defendant lacks knowledge and which the defendant would benefit from

knowing. See Giles v. Maryland, 386 U.S. 66, 96 (1967) (White, J., concurring).

Here, defendant cannot plausibly claim that any purported grand jury material that may exist as to her is both favorable to her and to which she lacks knowledge of is being suppressed to qualify as Brady. The government has already complied with its Brady obligations in this case and will continue to do so. Defendant has already received all the evidence in this case -- including any purported Brady material -- and is mounting her defense at trial based on that evidence. But that there is not a grand jury indictment in this case, where one is not required, does not constitute Brady.

Moreover, the government is prohibited from disclosing any information that would reveal "matters occurring before the grand jury" under Rule 6(e), including "information which would reveal the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like." Standley, 835 F.2d at 218.

Because information about whether this case was presented to grand jury is not Brady and such information is prohibited from disclosure by the government under Rule 6(e), defendant's motion must be denied.

### 3. Defendant Has Not Met the Burden of Showing a Particularized Need Either

Defendant's motion should be denied even if analyzed outside of a Brady claim. Disclosure of grand jury material is still only warranted when a party shows that they seek material only to avoid a possible injustice in another judicial proceeding and that the need

for disclosure is greater than the need for continued secrecy. See Douglas Oil Co., 441 U.S. at 219-22. Defendant's claim that grand jury material that might exist may be unfavorable to the government is still insufficient to show a compelling particularized need.

Defendant's argument that any material may be favorable to her is based on mere speculation, which is insufficient to meet defendant's burden to pierce grand jury secrecy. See Ferreboeuf, 632 F.2d at 835 ("speculative assertions of improprieties in the proceedings" do not supply the "particular need" required to outweigh the policy of grand jury secrecy); see also United Kingdom, 238 F.3d at 1321 ("[n]o grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information") (citation omitted); United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994) ("a bare allegation that the records are necessary to determine if there may be a defect in the grand jury process does not satisfy the "particularized need" requirement.").

Defendant tries to avoid her failure to show a compelling particularized need by shifting the burden to the government and arguing that there is "little interest in secrecy at this point" because the investigation is over. (Mot. at 5.) But if that were the case, there would never be any need for grand jury secrecy after an investigation concludes. That is not the law because Rule 6(e) still requires secrecy and defendant still has the burden of explaining why the rule of secrecy should be lifted; it is not the government's burden to explain why it should remain. Even if it were, however, the policy implications of grand jury secrecy always remain. Indeed, the most significant policy implications of grand

8

jury secrecy that survives after a grand jury investigation is concluded is that secrecy encourages witnesses to testify fully and honestly without fear of retribution. This consideration is to be given significant weight regardless of the status of the investigation. See United States v. Sobotka, 623 F.2d at 767; Illinois v. Sarbaugh, 552 F.2d 769, 775 (7th Cir. 1977). And other than her speculative assertions, defendant utterly fails to try to explain why her need should trump this important policy consideration.

The need to hold defendants to their evidentiary burden prior to ordering the disclosure of grand jury materials is larger than any one individual case because the "proper functioning of our grand jury system depends on the secrecy of grand jury proceedings." Douglas Oil Co., 441 U.S. at 218 (citations omitted). Defendant's speculative theories are simply an attempt to breach grand jury secrecy. This is unwarranted, and allowing defendant's motion to succeed would affect future cases and the institution of the grand jury.

**B.   The Court Should Deny Defendant's Motion to Compel Government Witnesses' Personnel Files**

1.   Legal Standard

Under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), the United States has an obligation to review the personnel files of federal law enforcement officers who are called to testify at a criminal trial to determine whether the files contain information "of perjurious conduct or like dishonesty," which may be used to impeach the credibility of the witnesses. Id. at 30. Impeachment evidence bears on a witness's credibility if it relates to a witness's

9

1 character for truthfulness or untruthfulness.  See United States v.
2 Geston, 299 F.3d 1130, 1137 (9th Cir. 2002) ("Rule 608(b) allows a
3 witness to be cross-examined, in the discretion of the court,
4 regarding specific instances of misconduct which do not lead to
5 conviction, if the misconduct is probative of the witness' character
6 for truthfulness or untruthfulness.").  Brady and Giglio also require
7 the production of material exculpatory evidence and evidence that is
8 material and bears on the credibility of a significant witness in the
9 case.  United States v. Blanco, 392 F.3d 382, 387 (9th Cir. 2004).
10     Henthorn does not require the government to produce all
11 impeachment information that could conceivably be favorable to the
12 defense.  Rather, as set forth above, the government must only
13 produce evidence that meets the "appropriate standard of
14 materiality."  931 F.2d at 30-31 (quoting United States v. Cadet, 727
15 F.2d 1453, 1467-68 (9th Cir. 1984)); see United States v. Navarro-
16 Cuevas, No. CR-23-01448-001-PHX-JAT, 2024 WL 4503939, at *1 (D. Ariz.
17 Oct. 16, 2024) ("[T]o the extent that Defendant suggests that the
18 prosecution is required to disclose 'any favorable evidence'
19 obtained, the motion is denied without prejudice.  Under Henthorn,
20 the prosecution is only obligated to furnish personnel files that
21 contain information that is or may be material to the defendant's
22 case.").  Indeed, in Henthorn itself, the defendant moved for
23 production of the entire personnel file for testifying law
24 enforcement officers, and the Ninth Circuit declined to go so far,
25 holding only that prosecutors need to review the personnel file for
26 materiality.  931 F.2d at 30-31.
27     Information obtained pursuant to the Henthorn process is
28 typically used at trial to impeach an officer-witness under Rule

10

608(b) of the Federal Rules of Criminal Procedure.  Under Rule 608(b), extrinsic evidence is not permitted; only questioning is allowed.  Impeachment evidence that may be admissible under Rule 608(b) must also satisfy the balancing test under Rule 403(b), meaning that it is inadmissible if the probative value is substantially outweighed by the unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  United States v. Olsen, 704 F.3d 1172, 1184 n.4 (9th Cir. 2013) (evidence admissible under Rule 608(b) is "subject . . . to the balancing analysis of Rule 403").  While admissibility is only one factor to consider in assessing materiality and the government's disclosure obligations frequently extend to information that cannot be used at trial, the Ninth Circuit held in Henthorn and Cadet that only information that is "material" should be disclosed – as opposed to all information.  Henthorn, 931 F.2d at 30-31; Cadet, 727 F.2d at 1467-68; see, e.g., Navarro-Cuevas, 2024 WL 4503939, at *1.  It follows from those rulings that information that is not admissible and cannot be used as impeachment at trial is necessarily less material, which weighs against its discoverability in the Henthorn process.  Cf. United States v. Kennedy, 890 F.2d 1056, 1059 (9th Cir. 1989) (noting that "[t]o be material under Brady, undisclosed information or evidence acquired through that information must be admissible" and "impeachment evidence falls within the Brady doctrine if it is material to guilt or innocence").

    If the prosecution is uncertain about the materiality of the information contained in an agent's file, it may submit the information to the court for an in camera review.  See Cadet, 727 F.2d at 1467-68.  The purpose of Henthorn's in camera review

11

framework is to "safeguard[] the privacy interests of testifying law enforcement officers while allowing the court to inspect for potential Brady or Giglio material." United States v. Padilla-Lopez, No. 20-50302, 2023 WL 8594402, at *2 (9th Cir. Dec. 12, 2023) (holding that there was no First Amendment or common law right of public access to the government's in camera Henthorn filings); see United States v. Murillo-Contreras, 81 F. App'x 690, 692 (9th Cir. 2003) (holding that the district court did not abuse its discretion in finding that personnel file information should be withheld after conducting in camera review).

### 2. The Government has and will continue to comply with its discovery obligations

In this case, the Government has complied with and will continue to comply with its discovery obligations under Rule 16, Brady, Giglio, Henthorn, and their progeny. In recognition of these obligations, the Government is not aware of any Henthorn material to disclose. If at any point that should change, the Government will make an appropriate disclosure.

Defense argues in its motion to compel:

> In addition, the government's purported Henthorn review is insufficient under Brady because it includes only a letter from government counsel containing a summary of sustained allegations in his personal file. It does not include any allegations of misconduct, if unsustained, nor the production of any underlying evidence.

Defense Mtn., Dkt. 33 at 1-2. To avoid any confusion, this appears to refer to another case, as the Government is not aware of any sustained allegations in any of its witnesses' personnel files and has not sent a letter summarizing them. While the Government

12

recognizes this is likely an inadvertent error, it nonetheless underscores that Defendant's motion to compel is simply a fishing expedition unsupported by the facts of this case. Therefore, Defendant's motion to compel should be denied.

### 3. In Camera Disclosure

Notwithstanding Defendant's failure to make a valid request for grand jury information or the personnel files of Government witnesses, the Government is providing a supplemental in camera filing for the Court's review regarding these requests.

### C. No Exceptional Circumstances Justify Ex Parte Procedure in the Instant Matter and the In Camera Filing Should be Unsealed

The government objects to the in camera filing submitted by defendant. Dkt. 30. Ex parte applications for the issuance of pre-trial subpoenas are authorized only in "exceptional circumstances." United States v. Beckford, 964 F. Supp. 1010, 1030 (E.D. Va. 1997); see also United States v. Bran, 2013 WL 1193338, at *2 (E.D. Va. Mar. 22, 2013). Rule 17 provides for the issuance of subpoenas to compel the testimony of witnesses at criminal proceedings and the production of evidentiary documents. However, a subpoena duces tecum issued under Rule 17 has a limited purpose: to procure evidence that will be introduced at the attendant proceeding, usually trial. United States v. Nixon, 418 U.S. 683, 698-99 (1974). Rule 17(c) requires a showing of relevancy, admissibility, and specificity to support a subpoena for documents. See United States v. Nixon, 418 U.S. 683, 700 (1974). To the government's knowledge, defendant has not demonstrated to this Court or the government that, if a subpoena was submitted, that they have met their burden. Moreover, if the

13

subpoena is seeking pre-trial discovery that goes beyond that enumerated in Nixon, such subpoenas are routinely squashed. See, e.g., Nixon, 418 U.S. at 701 United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981); United States v. Hughes, 895 F.2d 1135, 1145-46 (6th Cir. 1990); United States v. Cuthbertson, 651 F.2d 189, 195 (3d Cir. 1981); see also Fed. R. Crim P. 17(h).

In addition to quashing, the government respectfully requests that this Court unseal the in camera request so that the assigned trial attorneys and investigating agents are able to participate in any further proceedings relating to defendant's request, or, alternatively, an AUSA unaffiliated with the case and who will remain walled off from the trial team be allowed to participate in any continuing litigation of this matter and review the contested documents.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion and quash the in camera filing.