UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES – GENERAL

Case No.   2:25-cr-00678-KS                                                      Date: October 6, 2025

Present: The Honorable:   Karen L. Stevenson, Chief United States Magistrate Judge

Interpreter:   None

| Gay Roberson | None | Patrick D. Kibbe |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

Case: U.S.A. v. Alexandria Augustine       Attorneys for Defendants: Rebecca M. Abel, Aden Kahssai

**Proceedings: (IN CHAMBERS) RULINGS RE: MOTIONS IN LIMINE & DEFENDANT'S MOTION TO COMPEL**

I. **INTRODUCTION**

The Court is in receipt of the following Motions in Limine:[1]

A. Government's Motions:

(1) Motion to Exclude David Meyer's Testimony and, In the Alternative, to Hold a *Daubert* Hearing; and Declaration of Christopher Jones, filed on October 1, 2025 (Dkt. No. 38) and Defendant's Opposition to the Motion to Exclude David Meyer's Testimony, filed on October 2, 2025 (Dkt. No. 44);
(2) Motion to Exclude Post-Assault Evidence (Dkt. No. 39); and Defendant's Opposition to the Motion to Exclude Post-Assault Evidence (Dkt. No. 49); and
(3) Motion In Limine to Preclude Self-Defense (Dkt. No. 37); and Defendant's Opposition to Government's Motion to Preclude Self-Defense (Dkt. No 45).

B. Defendant's Motion to Compel:

(1) Defendant's Motion to Compel Grand Jury Transcripts and Government Witnesses' Personnel Files (Dkt. No 33); Government's Opposition (Dkt. No. 48).

The Court issues its rulings on the pending in limine motions for the reasons outlined below.

---

[1] On September 22, 2025, the parties consented to trial before a United States Magistrate Judge. (Dkt. No. 27.) Trial is scheduled to commence on October 7, 2025. The parties each filed their motions limine on October 1, 2025, and oppositions to the opposing sides' motions in limine on the evening of October 2, 2025. The Court held a final pre-trial conference on Thursday, October 2 and heard oral argument on the parties' anticipated motions in limine at that time. No replies were filed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

II.     **ALLEGATIONS OF THE CRIMINAL COMPLAINT**

The Criminal Complaint filed on July 25, 2025 and supporting affidavit charges Alexandria Demetrius Augustine ("Defendant") with a violation of 18 U.S.C. § 111(a)(1), assault of a federal officer (Count One), a Class A misdemeanor. (Dkt. No. 1.) In a First Superseding Information, filed on September 29, 2025, Defendant is also charged with "Causing A Disturbance by Impeding or Disrupting the Performance of Official Duties by Government Employees, a violation of 40 U.S. C. § 1315(c) and 41 C.F.R. § 102-74, 390 (c) (Count Two); and Failing to Comply with Official Signs and Directions, in violation of 40 U.S. C. § 1315(c) and 41 C.F.R. § 102-74, 390 (Count Three). (Dkt. No. 42-1).) Counts Two and Three are Class C misdemeanors. On October 3, the Government notified the Court that it intends to dismiss Count Two.

The charges arise from Defendant's conduct as part of a group of individuals, who during the day and into the evening of July 25, 2025, had assembled at the rear entrance to the Roybal Courthouse and Federal Building (Roybal Complex) to protest immigration enforcement activities in Los Angeles. (Dkt. No. 42 at 3). Late in the evening, the group came onto the back loading dock area of the Roybal Complex despite posted signage and verbal commands from federal officers that the protesters were not permitted entry onto the loading dock area as this is federal property. (*Id.*) Despite the signage and verbal directions from federal officers, the protesters continued to come onto federal property, a scuffle ensued when Federal Protective Services officers attempted to move the protestors off federal property. (*Id.* at 4.) Defendant is alleged to have come from across the street onto federal property and opened an umbrella between protestors and federal officers. (*Id.*) When an officer approached Defendant, she allegedly opened the umbrella between the officer and another protestor. (*Id.*) The officer grabbed at the umbrella and tore away the covering fabric. Defendant is alleged to have then thrown the remaining umbrella frame at the officer, striking him on the arm and chest. (*Id.*)

III.    **LEGAL STANDARD RE: MOTIONS IN LIMINE**

Motions in limine are "a procedural mechanism to limit in advance testimony or evidence" before it is presented to the jury. *United States v. Heller,* 551 F.3d, 1108, 111-12 (9th Cir. 2009). A district court has broad discretion to make evidentiary rulings to facilitate a fair and orderly trial. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). Any pre-trial rulings on motion as in limine do not bind the trial judge, who may change their mind during the course of trial. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).   The Court considers below each of the parties' evidentiary motions.

\\
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

IV.  **DISCUSSION AND RULINGS**

A.  Government's Motions in Limine

(1) Government's Motion in Limine to Exclude the Testimony of Dr. Meyer is GRANTED. Dr. Meyer's proposed testimony about social unrest generally, citizen protests and the use of umbrellas as a protest symbol are not relevant to this simple assault case. Any such testimony would likely confuse the jury and needlessly prolong the trial by the presentation testimony. Dr. Meyer's theories about protests in circumstances wholly unrelated to the charges at issue here. Further, Dr. Meyer's opinions about the significance of political protects generally, including events in other countries, will likely cause undue delay in the trial and confuse the jury.

(2) Government's Motion in Limine to Exclude Post Assault Evidence is DENIED. The conduct at issue here occurred in approximately 15 seconds as described by the parties at the Final Pre-trial Conference. Having reviewed *in camera* video tape of the post-assault conduct, the Court finds this very brief additional evidence (15-20 seconds) of events immediately following the alleged assault is relevant to Defendant's assertion of self-defense and adds context that may be useful to the jury.

(3) Government's Motion In Limine to Preclude Self-Defense is DENIED. Defendant has a constitutional right to present a defense in a criminal matter. Whether Defendant's asserted defense will negate the necessary elements of the alleged crime is a factual determination that is the province of the jury to decide based on its reasoned consideration of the evidence and testimony presented at trial.

B.  Defendant's Motion to Compel

(1) Defendant's motion to compel production of Grand Jury transcripts and Government witnesses' personnel files is DENIED. [Dkt. No. 33] The Government filed an initial opposition to this Motion on October 2, 2025. (Dkt No. 48.) On October 3, 2025, Government counsel submitted *in camera* documents indicating that this matter was never presented to the grand jury, therefore, there are no grand jury transcripts to be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963). *Brady* only requires the disclosure of evidence that is *both* favorable to the defendant and material to guilt or punishment. Based on the Court's review of the Government's in camera submission on this issue there is no such evidence to be disclosed. Further, the Government has represented to the Court that it has requested and reviewed the personnel files of all the federal officers or agents involved in this case who are expected to testify. Government counsel has represented to the Court that it reviewed and confirmed those files contain no responsive impeachment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

information that would be required to be disclosed under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1990).

Because it appears that there is no responsive information to be provided, the Defendant's Motion to Compel [Dkt. No. 33] is DENIED without prejudice.

To summarize:

1. Government's Motion in Limine to Exclude the Testimony of Dr. Meyer is GRANTED.  (Dkt. No. 38.)
2. Government's Motion in Limine to Exclude Post Assault Evidence is DENIED.  (Dkt. No. 39.)
3. Government's Motion In Limine to Preclude Self-Defense is DENIED.  (Dkt. No. 37.)
4. Defendant's Motion to Compel is DENIED without prejudice.  (Dkt. No. 33.)

**IT IS SO ORDERED.**

:

**Initials of Deputy Clerk**   gr