BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
PATRICK D. KIBBE (Cal. Bar No. Pending)
CHRISTOPHER R. JONES (Cal. Bar. No. 343374)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6482 / (213) 894-7383
     Facsimile: (213) 894-0141
     Email:     patrick.kibbe@usdoj.gov
                christopher.jones4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00678-KS |
|---|---|
| Plaintiff, | GOVERNMENT OBJECTION TO JURY INSTRUCTIONS AND PROPOSED INSTRUCTIONS |
| v. | |
| ALEXANDRIA DEMETRIUS AUGUSTINE, | Trial Date: October 7, 2025<br>Trial Time: 9:00 a.m.<br>Location:   Courtroom of the<br>            Hon. Karen L.<br>            Stevenson |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Patrick D. Kibbe and Christopher R. Jones, hereby submit objections and proposed revisions to the jury instructions in the above-captioned case.

//

1

The Government respectfully reserve the right to supplement these jury instructions as needed.

Dated: October 9, 2025            Respectfully submitted,

                                  BILAL A. ESSAYLI
                                  Acting United States Attorney

                                  JOSEPH T. MCNALLY
                                  Assistant United States Attorney
                                  Acting Chief, Criminal Division

                                   */s/*
                                  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                  PATRICK D. KIBBE
                                  CHRISTOPHER R. JONES
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM AND PROPOSED JURY INSTRUCTIONS**

The Government respectfully objects to the current proposed instructions for Assault on a Federal Office or Employee (Court Instruction 24), Self Defense (Court Instruction 25), and Reasonable Self Defense (Court Instruction 26).

First, the Government proposes deleting Court Instruction 25, Self-Defense, as this concept is covered in Court Instruction 26.

Second, the Government proposes modifying Court Instruction 26 as noted below in red.  The first substantive change is to add the sentence, "The law recognizes that law enforcement officers are authorized to use force in carrying out their responsibilities as long as the force is not excessive."  This language is taken directly from United States v. Celentano, 126 F.4th 680, 686 (D.C. Cir. 2025) and is important to distinguish this instruction from the

2

ordinary self-defense instruction.  The second substantive change is to add the sentence, "An individual who is the attacker cannot make out a claim of self-defense as a justification for an assault."  This language is taken directly from United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012).  In the Joint Proposed Jury Instructions, Defendant cited and quoted both Celentano and Acosta-Sierra, but omitted these portions of the opinions.  See ECF 40 at 22-23.

Third, the Government proposes incorporating the modified Court Instruction 26 into Court Instruction 24.  This is because Court Instruction 24 lists all the elements for Assault on a Federal Officer and includes definitions of those elements.  Currently the element of Reasonable Self-Defense is the only element that is a stand-alone instruction.  Alternatively, the Government proposes that the definitions of each of the elements are broken out into separate instructions.

COURT'S INSTRUCTION NO. \_\_\_\_\_
GOVERNMENT'S PROPOSED INSTRUCTION No. 24

The defendant is charged in Count One with simple assault on a federal officer in violation of Section 111(a)(1) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted a federal officer, namely Federal Protective Service Inspector Alexandro Gutierrez;

Second, the defendant did so while the federal officer was engaged in, or on account of, his official duties.

Third, the defendant did not act in reasonable self-defense.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

The test for determining whether the officer is engaged in the performance of official duties is whether the officer is acting within the scope of his employment, that is, whether the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own.  The excessive use of force in the pursuit of official duty is not considered a good faith performance of official duties.

The law recognizes that law enforcement officers are authorized to use force in carrying out their responsibilities as long as the force is not excessive.[1]  The defendant acted in reasonable self-defense if she reasonably believed that the force necessary for the

---

[1] United States v. Celentano, 126 F.4th 680, 686 (D.C. Cir. 2025)("Because the law recognizes that law enforcement officers are authorized to use force in carrying out their responsibilities as long as the force is not excessive, see Wardlaw v. Pickett, 1 F.3d 1297, 1302 (D.C. Cir. 1993), courts have recognized that the affirmative defense of self-defense has limits and is generally available only in certain circumstances, including when the law enforcement officer has used excessive force.")

defense of herself against the immediate use of excessive force. However, the defendant must not have used more force than appeared reasonably necessary under the circumstances.  In other words, the Defendant's actions should be judged from the point of view of a reasonable person in the defendant's position. An individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.[2]

<u>Ninth Circuit Model Criminal Jury Instructions</u>, Nos. 8.1 (2022 ed.) (Assault on a Federal Officer or Employee)(18 U.S.C. § 111(a))

---

[2] <u>United States v. Acosta-Sierra</u>, 690 F.3d 1111, 1126 (9th Cir. 2012). ("For purposes of Section 111, we have recognized that an individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances. *See United States v. Span,* 970 F.2d 573, 577 (9th Cir.1992); *see also id.* at 580 (noting that an individual has a limited right to offer reasonable resistance to arrest that is triggered by the officer's bad faith or provocative conduct). To do so, however, a defendant must offer evidence to show: "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Urena,* 659 F.3d 903, 907 (9th Cir.2011) (quoting *United States v. Biggs,* 441 F.3d 1069, 1071 (9th Cir.2006))**. Moreover, an individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.** *Id.*"

3

1