CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E-Mail: rebecca_abel@fd.org)
Aden Kahssai (NV Bar No. 15581)
(E-Mail: Aden_Kahssai@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ALEXANDRIA AUGUSTINE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ALEXANDRIA AUGUSTINE,<br><br>        Defendant. | Case No. 2:25-cr-00678-KS<br><br>**NOTICE OF MOTION AND MOTION FOR JUDGMENT OF ACQUITTAL ON COUNT TWO UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 29**<br><br>**Honorable Karen L. Stevenson** |

PLEASE TAKE NOTICE that Defendant Alexandra Augustine, by and through her undersigned counsel of record will move for a judgment of acquittal on Count Two of the Second Superseding Information under Federal Rule of Criminal Procedure 29 because the government has failed to put forth sufficient evidence of required elements.

This motion is based upon the attached Memorandum of Points and Authorities, the evidence introduced in the government's case-in-chief, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  April 14, 2026          By  */s/ Rebecca M. Abel*

REBECCA M. ABEL
ADEN KAHSSAI
Deputy Federal Public Defenders
Attorneys for ALEXANDRA AUGUSTINE

2

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I. INTRODUCTION

The defense moves for a judgment of acquittal on Count Two of the Second Superseding Information, which charge a Class C misdemeanor offenses for a violation of 41 CFR § 102-74.385 for failing to comply with the lawful direction of a federal officer.

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 29(a), "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." To evaluate a motion under Federal Rule of Criminal Procedure 29, the Court "must determine whether, viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt." *United States v. Merriweather*, 777 F.2d 503, 507 (9th Cir. 1985); *see United States v. Johnson*, 297 F.3d 845, 868 (9th Cir. 2002).

## III. ARGUMENT

**A.    Count Two must be dismissed because the government failed to introduce any evidence that Ms. Augustine was on property controlled by GSA.**

In order to convict Ms. Augustine of the offense charged in Count Two, the government was required to prove that Ms. Augustine was on property controlled by the General Services Administration (GSA). Ms. Augustine is charged with an offense under 41 C.F.R. § 102–74.385. This offense is found in Title 41, Subtitle C, Chapter 102, Subchapter C, Part 102-74. The title of Part 102-74 is "Conduct on Federal Property." The first section of that Part has the heading "Applicability." That section— 41 C.F.R. § 102–74.365—is titled "To whom does this subpart apply?" Therein it states: "The rules in this subpart apply to all property under the authority of GSA and to all persons entering in or on such property." 41 C.F.R. § 102-74.365.

1

Therefore, the charge Ms. Augustine faces in Count Two only apply to her if the factfinder can reasonably find beyond a reasonable doubt that she was on GSA property.

Multiple courts have confirmed that presence on GSA property—not just federal property—is required. In *United States v. Zagorovskaya*, 628 F. App'x 503 (9th Cir. 2015), the court analyzed whether "a rational trier of fact could have concluded that" the offense under 41 C.F.R. § 102–74.390(a), occurred on "GSA-controlled property." *Id.* at 504 (affirming *United States v. Zagorovskaya*, No. CR 13-583 PA, 2014 WL 12665158, at *4 (C.D. Cal. Oct. 8, 2014), which considered a post-trial Rule 29(c) motion and examined whether "a rational trier of fact could have found beyond a reasonable doubt that Defendant's conduct occurred on property under the authority of GSA")). *See also United States v. Moriello*, 980 F.3d 924, 934 (4th Cir. 2020) (stating the elements of 41 C.F.R. § 102-74.385 require the government to prove "that the Defendant was on property under authority of the GSA").

Here, the government has put forth no evidence that Ms. Augustine was on GSA-controlled property. At most, the government has elicited testimony that Ms. Augustine is on federal property, but not necessarily that controlled by GSA. To the contrary, it is clear that during the less than 5 seconds she was on any federal property at all, it is just as likely to be controlled by the VA, not the GSA. Presence on VA property is not sufficient for conviction under the charged statutes.

There are separate statutes that apply to conduct that occurs on VA controlled property. *See* 38 C.F.R. § 1.218. Section 1.218 makes it plain that each stator section can only apply to conduct on land controlled by that entity; it states:

> [T]he following rules and regulations apply at all property under the charge and control of VA (and not under the charge and control of the General Services Administration) and to all persons entering in or on such property.

2

38 CFR § 1.218(a).  That statutory section specifically addresses at § 1.218(a)(2) the conduct charged here for those on VA property: failure to leave VA property when it is closed to the public.  Ms. Augustine is not charged with any such offense.

Because a factfinder could not reasonably find Ms. Augustine was on GSA-controlled property, Count Two must be dismissed.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  April 13, 2026          By  */s/ Rebecca M. Abel*
REBECCA M. ABEL
ADEN KAHSSAI
Deputy Federal Public Defenders
Attorneys for ALEXANDRA AUGUSTINE

3